IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, ) <br> CENTRAL LABORERS' WELFARE FUND, ) <br> CENTRAL LABORERS' ANNUITY FUND, ) <br> CENTRAL LABORERS' PENSION ) <br> SUPPLEMENTAL FUND, ) <br> LABORERS' OF ILLINOIS VACATION FUND, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> VIRIDIAN ENTERPRISES, INC., ) <br> an Illinois corporation, ) <br> ) <br> Defendant. ) | CIVIL ACTION <br><br> NO. <br><br><br> JUDGE |

**COMPLAINT**

The Plaintiffs, CENTRAL LABORERS PENSION FUND, *et al.* (collectively "Plaintiff Funds"), by their attorneys, complaining of the Defendant, VIRIDIAN ENTERPRISES, INC., an Illinois corporation, allege as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. The Plaintiff Funds are various welfare, pension, and related joint, labor-management funds and bring this action as "employee welfare and benefit funds" and "plans" and as fiduciaries pursuant to ERISA, 29 U.S.C. §§1132(e).

3. The Central Laborers' Pension, Welfare, and Annuity Funds are the collection agents for the other named Plaintiff Funds which are employee benefit funds, labor-management committees, and/or funds established pursuant to collective bargaining agreements between the Laborers' International Union of North America ("Union") and certain employer associations whose employers and their employees are covered by the collective bargaining agreements with the Union.

4. The Plaintiff Funds are entitled to receive contributions from employers pursuant to participation agreements entered into between Plaintiff Funds and employers and/or collective bargaining agreements between employers, local unions, and district councils affiliated with the Union.

5. Defendant, VIRIDIAN ENTERPRISES, INC., an Illinois corporation, is an "Employer" within the meaning of ERISA and, as such, is obligated to make fringe benefit contributions to the Plaintiff Funds, in accordance with the terms of the "Agreements and Declarations of Trust" which establish and outline the administration of the Plaintiff Funds and/or pursuant to the terms of a collective bargaining agreement to which Defendant is obligated.

6. As an employer obligated to make fringe benefit contributions to the Plaintiff Funds, Defendant is specifically required to do the following:

    (a) Contribute to the Plaintiff Funds, the amount required by any written agreement between the Defendant and the Union or the Plaintiff Funds and the Defendant;

    (b) To timely submit contributions by the 15th day of the month following the month in which eligible employees perform work with respect to which contributions are required;

    (c) To make all of its payroll books and records available to the Plaintiff Funds for the purpose of auditing same, to determine whether Defendant is making full payment as required under the applicable agreements;

    (d)    To compensate the Plaintiff Funds for all reasonable costs incurred in the collection process, including court fees, attorneys' fees, filing fees, and any other expenses actually incurred by the Trustees due to Defendant's failure to pay, or untimely remit payment of contributions;

    (e)    To compensate the Plaintiff Funds for the additional administrative costs and burdens imposed by Defendant's failure to pay or the untimely payment of contributions by way of payment of liquidated damages in the amount of 10% of any and all contributions which are not timely received by the Plaintiff Funds by the 15th day of the month following the month the eligible employees performed work for which contributions are required, together with interest as provided in the Agreements & Declarations of Trust and ERISA, 29 U.S.C. § 1132(g) (or $25.00, whichever is greater);

    (f)    To pay any and all costs incurred by the Plaintiff Funds in auditing Defendant's payroll records, should it be necessary to file suit and/or otherwise retain legal counsel to enforce the Plaintiff Funds' authority to perform an audit, or if it is determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to the Plaintiff Funds;

7.    Defendant is delinquent and has breached its obligations to the Plaintiff Funds and its obligations under the plans in the following respects:

    (a)    Defendant has failed to make payment of contributions, liquidated damages, accrued interest and audit fees based upon an audit of the Defendant's payroll records showing Defendant to have been delinquent in the payment of contributions and to have reported hours worked by its employees incorrectly to Plaintiffs; and

    (b)    Defendant has failed and refused to submit all of its reports to Plaintiff Funds due, to date, and/or, has failed to make payment of all contributions acknowledged by Defendant thereon to be due Plaintiff Funds.

8.    That upon careful review of all records maintained by Plaintiff Funds, and after application of any and all partial payments made by Defendant, there is a total of $1,653.83 known to be due Plaintiff Funds from Defendant, subject however to the possibility that additional monies may be due Plaintiff Funds from Defendant based upon Defendant's failure to submit all required

reports, or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

9. Plaintiff Funds have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

10. Defendant's continuing refusal and failure to perform its obligations to Plaintiff Funds is causing and will continue to cause irreparable injuries to Plaintiff Funds for which Plaintiff Funds have no adequate remedy at law.

WHEREFORE, Plaintiff Funds pray:

(A) That an account be taken as to all employees of Defendant covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiff Funds, covering the period for which the collective bargaining agreement is to be effective;

(B) That Defendant be enjoined and ordered to submit all delinquent monthly contribution reports to Plaintiff Funds with the information required to be provided thereon, to continue to submit such reports while this action is pending, and to comply with its contractual obligation to timely submit such reports in the future;

(C) That judgment be entered in favor of Plaintiff Funds and against Defendant for all unpaid contributions, liquidated damages, any costs of auditing Defendant's records, accrued interest, and Plaintiff Funds' reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the applicable collective bargaining agreements and Agreements and Declarations of Trust governing the Plaintiff Funds and in ERISA;

(D) That Plaintiff Funds have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

/s/ Cecilia M. Scanlon

Cecilia M. Scanlon
Stephen J. Rosenblat
Attorneys for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone:  (312) 216-2577
Facsimile: (312) 236-0241
Email: cscanlon@baumsigman.com

I:\CLJ\Viridian Enterprises\#27757\complaint.cms.df.wpd